# IN RE DISBARMENT OF ABRAHAM J. HERTZ.[1]

January 7, 1927.

No. 25,522.

**Finding sustained that accused testified falsely in hearing before United States district judges.**

1. The evidence sustains the finding of the referee and accords with our view that the respondent in this proceeding for disbarment testified falsely in a hearing before the United States district judges.

**Accused should be disbarred for such professional misconduct.**

2. Such false testifying constitutes professional misconduct under our statute for which the respondent should be disbarred.

Attorney and Client, 6 C. J. p. 597 n. 12; p. 607 n. 90.

---

See R. C. L. 1089; 1 R. C. L. Supp. 698, 5 R. C. L. Supp. 125.

Proceeding by the State Board of Law Examiners for the disbarment of Abraham J. Hertz. Disbarment ordered.

*Charles Bunn*, for the State Board of Law Examiners.

*T. D. Sheehan, James Schoonmaker* and *P. J. Ryan*, for accused.

PER CURIAM.

This is a proceeding instituted by the State Board of Law Examiners for the disbarment of Abraham J. Hertz of St. Paul, who has been a member of the bar of this state ever since the year 1906 and prior to February 18, 1926, an attorney of the United States District Court for the District of Minnesota. The Honorable Bert Fesler was appointed to take and report the testimony and make findings of fact.

On November 9, 1922, Leon Gleckman pleaded guilty in the United States District Court at Minneapolis to conspiracy to prevent the enforcement of the national prohibition act. Hertz and two other St. Paul lawyers were his counsel. The indictment was

[1]Reported in 211 N. W. 678.

against Gleckman and seven others. It had been on trial for some days. The government had rested. The plea was the result of a conference had between Gleckman and his counsel. The understanding was that he and two others would plead guilty and that the indictment would be dismissed as to the other five. This understanding was carried out. On November 11, 1922, Gleckman was fined $5,000 and sentenced to the United States penitentiary at Fort Leavenworth, Kansas, for one year and six months. A stay was granted and was extended from time to time.

Gleckman, a few weeks after his plea, employed Thomas V. Sullivan and Frank E. McAllister as his attorneys. They moved to set aside his plea of guilty and to permit him to enter a plea of not guilty. Gleckman's affidavit in support of the motion alleged that he was innocent; that at the trial he was terrified, excited and weak; that after the government rested he was informed by his counsel that he must plead guilty; that he protested that he was not guilty; that he refused again and again to plead guilty; that his counsel insisted that he must plead guilty; and in short that he had been required by his counsel, without adequate consideration or presentation of his case, to enter a plea of guilty against his will.

The motion was heard and denied on April 21, 1923. Later Gleckman procured a writ of error to the Circuit Court of Appeals. In January, 1924, the United States district attorney filed a confession of error.

If what was stated in the affidavit of Gleckman was true, his counsel at the trial were guilty of grave misconduct; if it was untrue, he and his new counsel, if cognizant of its untruth, had sought to practice a fraud upon the court.

On October 9, 1925, the judges of the United States District Court called before them Hertz and his two associates in the Gleckman trial, and some others. The subject of inquiry was Gleckman's plea and his subsequent affidavit. With its further scope or result we are not concerned. Hertz was interrogated and testified that he did not participate in the making of the Gleckman affidavit nor counsel with reference to it. Sullivan and McAllister testified that

Hertz conferred and advised with them in its preparation. Sullivan says the conference lasted "pretty close to half a day," and that Hertz gave them a brief he had used in another similar case. McAllister says that they consulted as to the proper method of procedure and as to the contents of the affidavit. These three men knew the facts. It is not a case of mistake. One or more of the three testified falsely. Sullivan and McAllister are corroborated. Hertz sent Gleckman a bill for $500 in February or March, 1924. He claims that it was for services in investigating the law relative to the power of the Circuit Court of Appeals to remit the imprisonment portion of the sentence. Gleckman denies this, but the bill was submitted to Joseph Supornick and Samuel O. Silberman for arbitration. Supornick says that in the course of the arbitration Hertz, in mentioning the services entering into the bill, said: "I helped Mr. Sullivan to make an affidavit." Silberman testifies that "Mr. Hertz said that 'You owe me $500 for helping make affidavits with Mr. Sullivan' I think it was." The testimony of Gleckman is of like purport.

The finding of the referee is that Hertz falsely testified before the United States district judges that he did not counsel with Gleckman's attorneys or aid in the preparation of his affidavit. We need recite the evidence no further. The finding is sustained by the evidence and accords with our view of it.

The question remaining is whether the giving of the false testimony constitutes professional misconduct under our statute, G. S. 1923, § 5697. That it does we can have no doubt. Hertz, licensed by this court, was testifying before the United States district judges. He had knowledge of the facts and testified untruly. It is not important whether perjury could be predicated upon his testimony. In re Popper, 193 App. Div. 505, 184 N. Y. Supp. 406. The inquiry was one which the United States district judges saw fit to make, and it was for Hertz to tell the truth. An attorney of this court cannot falsify before a Federal tribunal and continue his practice in the courts of this state. What was said in In re Cary, 146 Minn. 80, 177 N. W. 801, 9 A. L. R. 1272, forestalls the need of a more particular discussion, and the important cases are there cited.

It is ordered that the respondent, Abraham J. Hertz, be and he hereby is removed from his office as an attorney at law of this state and that formal judgment of disbarment be entered against him.